SOFIE CARLSON v. JASON MARSTON.[1]

May 27, 1897.

Nos. 10,542—(145).

### Injury to Employe—Contributory Negligence.

Where a master furnishes his servant appliances to do the work in hand, and directs him how to use them, and warns him of the danger of using them in a different manner, and the servant, in disregard of such direction and warning, and without any necessity for so doing, uses the appliances in the manner in which he was told not to use them, and he is thereby injured, he cannot recover.

### Same—Instructions.

Held, that the court correctly instructed the jury to the effect that if, from the evidence, they found certain facts, such facts would amount to contributory negligence on part of plaintiff's intestate.

Appeal by plaintiff from an order of the district court for Hennepin county, Pond, J., refusing a new trial, after a verdict for defendant. Affirmed.

*Mosness & Fosseen* and *Lee Combs*, for appellant.
*Flannery & Cooke*, for respondent.

MITCHELL, J. At the time that plaintiff's intestate received the injuries of which he died he was an employe of the defendant, and engaged in assisting in loading logs from the skidways onto the sleds upon which they were to be hauled to the river. The manner of doing this work is familiar to woodsmen, and need not now be explained. After having fastened the "grab hook" into the "swamp chain," the deceased was guiding one end of the log in its ascent, when the grab hook broke, causing the log to roll back upon him, resulting in the injuries complained of. It is not claimed that there was any defect in the grab hook itself; at least none for which defendant is liable. The negligence charged is that the defendant furnished an unsafe and defective swamp chain. The alleged defect was as follows: At some former time, one link of this chain having broken, a new one had been inserted, which was somewhat larger, and made of

[1] Reported in 71 N. W. 398.

larger iron, than the original links; so that, if the grab hook should be fastened into that particular link, it would be liable to break the hook by wedging it apart. Hence, to furnish any basis for claiming that defendant's negligence was the cause of the accident, it was necessary for plaintiff to show that the grab hook was fastened into this particular link. It was an undisputed fact that it was the deceased himself who fastened the hook into the swamp chain. He was experienced in this kind of work, and had been using these same appliances for about a month before the accident.

There was evidence tending to prove each of the two following states of facts, viz.: First. That the proper way to guide logs as they were being pulled up was to stand out at the end, and guide them with cant hooks; that defendant had furnished cant hooks for that purpose; that the deceased had been repeatedly told by defendant's foreman and others not to get behind a log when it was going up, and warned that it was dangerous to do so; that on this occasion the deceased, without any necessity for so doing, did get behind the log, and attempted to guide it by taking hold of it with both hands, and hung on to it until it was 10 or 12 feet high, when the grab hook broke. Second. That the deceased had been expressly told more than once by defendant's foreman not to hook the grab hook into this big link, because it was liable to break, and injure some one; that deceased did hook the grab hook into this particular link, in disregard of this notice and warning, in the absence of any necessity for so doing, there being sufficient slack in the chain to permit him to hook it wherever he wished.

All but one of counsel's assignments of error relate to the charge of the court. The portions of the charge excepted to are very numerous, and very long, and involve a good deal of repetition, but the gist of all of counsel's objections to the charge is that the court erred in instructing the jury that, if they found from the evidence the existence of either or both of the foregoing states of facts, they must find for the defendant; in other words, that either of them would amount to contributory negligence on part of the deceased. The contention is that the court should have left it to the jury to determine whether these facts amounted to contributory negligence. If there was eliminated from the case this element of notice on part

68—M26.

of the master to the deceased not to use the appliances, and not to perform the work in a particular way, and a warning to him of the danger of using the appliances or doing the work in that way, the contention of counsel would be in point. But the law is well settled that, where a master furnishes his servant appliances to do the work in hand, and directs him how to use the appliances, and warns him of the danger of using them in a different manner, and the servant, in disregard of such express direction and warning, and without any necessity for so doing, uses the appliances so furnished in a manner in which he was told not to use them, and he is injured thereby, he cannot recover. The matter inquired of the witness Hedstrom referred to in the fourteenth assignment of error[2] was not the subject of expert or opinion evidence.

Order affirmed.

---

[2] As to the possibility of fastening the "grab hook" in the "swamp chain" otherwise than as deceased fastened it.

